EuffiN, J.
 

 The Court is not aware of any case, or rule of evidence, on which reputation or hearsay from a dead person is admissible, to establish the time of the birth or marriage of a person, and is much inclined not to establish another exception to the law of evidence, which will let it in. In this case,
 
 *161
 
 however, it is not material; because, in the first place, the father of the witness did not state Mrs. Shearing to- have bee» an infant at her marriage, but only indefinitely, that she was young; and, in the next place, because the defendant did not show a possession, beginning prior to her marriage— the forty or fifty years going back only to 1806 or 1796, while her marriage was soon after the death of her father in 1787..
 

 It is, perhaps, well that the case has come up oil the other point, as it is one of consequence, which, it seems from this decision, is not deemed settled, and ought to be. The terms “ colorable title,” are introduced into our statute-book in the act of 1791, “ for quieting ancient titles, and limiting the claim of the State.” It is not there, or elsewhere defined, and, was, no doubt, used there in the same sense, in which the courts had applied it in the construction of the act of 1715; as the recitals in the preambles of the two acts are much the same.. As it is thus left undefined by the Legislature, while it is of the utmost importance, as it concerns the quieting of possessions, and titles to land, the duty becomes more imperative to adhere to judicial determinations, that a particular document, or one of a particular kind, is, or is not color of title. Originally, it was a point on which there might be much diversity of opinion, and distinguished Judges have had difficulties on it. Hence, when a decision is once made, it is so much gained, and, for the sake of the certainty of the law, upon a subject so essential, its authority ought not afterwards to be questioned. In the case of
 
 Campbell
 
 v.
 
 McArthur,
 
 2 Hawks’ Rep. 33, it was held by this Court, that an unregistered deed was color of title. Chief Justice Tayloe, gives no reason for it, saying, only, that it had been so held. In that assertion he was certainly correct; for at that time, and for some years before, that was the received law on the circuit. As far as this Court is advised, it has not been doubted since, up to this case. On the contrary, it has been assumed incidentally on several occasions as settled law; as in
 
 Chastain
 
 v. Phillips, 11 Ire. Rep. 255; not to mention others. Why should it not be j An unregistered deed, it is true, does not constitute a perfect title.
 
 *162
 
 and cannot be read without proof of its execution, as a registered one may. But it is not altogether inefficacious, but to some purposes it constitutes a title, though an imperfect one. The estate of a bargainee, in an unregistered deed, was subject to sale, under a
 
 fieri
 
 facias, before the act of 1812;
 
 Price
 
 v.
 
 Sykes,
 
 1 Hawks’ Rep. 87. If the bargainee die before registration, yet his wife is dowable of the land, upon a subsequent registration ; and the deed of the husband, registered after his death, defeats her dower;
 
 Norwood
 
 v. Morrow, 4 Dev. and Bat. 442. Such a deed shows the nature of the possession, taken under it, to be adverse, just as much as if it were registered, and if the possesion be continued seven years, it affords evidence of its character, sufficiently notorious, to put the owner to his action. Then both, upon the force of the authorities, and their correctness, the Court holds that an- unregistered deed is color of title, under which a possession for seven years, bars the entry of the owner.
 

 Per Curiam, Judgment reversed.